# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 16, 2012 Session

## VICTOR RAYMOND PETERSON v. KATHLEEN ADELLE PETERSON

**Direct Appeal from the General Sessions Court for Morgan County**
**No. 2010-DV-12     Mike Davis, Judge**

**No. E2011-01928-COA-R3-CV-FILED-APRIL 23, 2012**

Husband appeals the trial court's division of property and award of alimony in solido to Wife. We remand to the trial court for further findings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Vacated and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Robert W. Wilkinson, Oak Ridge, Tennessee, for the appellant, Victor Raymond Peterson.

Joe R. Judkins, Oak Ridge, Tennessee, for the appellee, Kathleen Adelle Peterson.

## MEMORANDUM OPINION[1]

This is a divorce action. Victor Raymond Peterson (Mr. Peterson) and Kathleen Adelle Peterson (Ms. Peterson) were married in 1983; it was the second marriage for both parties; no children were born of the marriage. In March 2010, Mr. Peterson filed a complaint for divorce in the General Sessions Court for Morgan County. In his complaint,

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Mr. Peterson alleged irreconcilable differences as grounds for divorce. Ms. Peterson answered in July 2010, admitting the parties had irreconcilable differences and counter-complaining for a divorce based on irreconcilable differences or inappropriate marital conduct. In her complaint, Ms. Peterson asserted that Mr. Peterson had attempted to take her life, and that he had been charged with attempted murder and "other crimes against" her. Ms. Peterson attached to her complaint copies of arrest warrants issued against Mr. Peterson in November and December 2008 for attempted murder one; aggravated arson; especially aggravated kidnaping; and aggravated assault. She also attached affidavits of complaints sworn to by a Morgan County deputy sheriff, who stated that officers had found Ms. Peterson "with what appeared to be stab wounds to her upper body." The affidavits further stated that, "[b]ased on an investigation by the Morgan County Sheriff's Department it is believed that Victor R. Peterson did attempt to kill his wife, Kathleen Peterson, by stabbing her multiple times in the upper body[,]" and that "it is believed that Victor R. Peterson did set fire to the residence while Kathleen Peterson was inside the residence."[2]

Following a hearing in August 2011, the trial court found that Ms. Peterson was entitled to a divorce based on inappropriate marital conduct. The trial court entered final judgement on August 31, 2011, and Mr. Peterson filed a timely notice of appeal to this Court.

### *Issue Presented*

Mr. Peterson presents one issue for our review:

Was the award of virtually all of the marital assets to Wife a just and reasonable disposition of jointly owned property?

### *Standard of Review*

Trial courts are vested with a great deal of discretion when classifying and dividing the marital estate, and their decisions are entitled to great weight on appeal. *Sullivan v. Sullivan*, 107 S.W.3d 507, 512 (Tenn. Ct. App. 2002). Accordingly, unless the court's decision is contrary to the preponderance of the evidence or is based on an error of law, we will not interfere with the decision on appeal. *Id*. The evidence preponderates against a trial court's factual finding only if it supports another finding of fact with greater convincing evidence. *Watson v. Watson*, 196 S.W.3d 695, 701 (Tenn. Ct. App. 2005).

The trial court also has wide latitude in making an award of alimony. *Owens v. Owens*, 241 S.W.3d 478, 490 (Tenn. Ct. App. 2007). An award of alimony depends on the

---

[2]Mr. Peterson ultimately was found guilty of aggravated assault and received a three-year sentence.

circumstances of each case, and need of the recipient spouse and the obligor spouse's ability to pay are the primary considerations. *Burlew v. Burlew*, 40 S.W.3d 465, 472 (Tenn. 2001). When determining the type and amount of alimony to be awarded, the trial court must balance several statutory factors, including those enumerated in section 36-5-121 of the Tennessee Code. Although there is a preference for rehabilitative alimony, the type and amount of an alimony award remain largely within the discretion of the trial court. *Id.* at 470. This Court will not alter a trial court's award of alimony absent a finding of an abuse of discretion. *Id.*

### *Discussion*

In his brief to this Court, Mr. Peterson asserts that the trial court awarded nearly all of the parties' marital property to Ms. Peterson in a combined award of property and alimony *in solido*. Mr. Peterson asserts that the trial court's judgment results in an award of assets valued in excess of $228,000 to Ms. Peterson, while Mr. Peterson was awarded assets valued at $500. He further asserts that the trial court's award of assets to Ms. Peterson reflects a combined property division and alimony *in solido* award, and that the trial court additionally awarded Ms. Peterson attorney's fees in the amount of $10,000 as alimony *in solido*. Mr. Peterson contends that the property division is punitive and in contravention of the statutes.

Ms. Peterson, on the other hand, asserts the award is reasonable under the circumstances and in light of her expenses. She asserts that she has ongoing medical and psychological expenses caused by Mr. Peterson's 2008 attack against her, and that her medical and psychological difficulties sometimes disrupt her ability to work. Ms. Peterson also submits that there is a substantial possibility that she will become disabled before she is entitled to social security retirement benefits, and that any amount of social security disability benefits that she might receive would be insufficient to pay her expenses. She further asserts that Mr. Peterson dissipated more than $76,000 in assets defending the criminal charges against him, although Mr. Peterson submits in his brief that he "assum[es]" the trial court credited $32,300 to him for those costs. Ms. Peterson contends that Mr. Peterson is not disabled or unable to work, and that the trial court's division of property is not punitive but reflects the equities between the parties.

Before dividing marital property, the court must first classify the parties' property as separate or marital. Tenn. Code Ann. § 36-4-121(a)(2010); *Larsen-Ball v. Ball*, 301 S.W.3d 228, 231 (Tenn. 2010)(citation omitted). Separate property remains the property of the spouse who owns it, while the court must divide marital property equitably. *Id.* After the trial court has classified the property, it must place a reasonable value on the marital property that is subject to division. *Pope v. Pope*, No. M2010–00067–COA–R3–CV, 2010 WL

4272690, at \*5 (Tenn. Ct. App. Oct. 28, 2010), *perm. app. denied* (Tenn. Mar. 9, 2011)(citation omitted). The values assigned to the parties' property are questions of fact that must be made after considering "all relevant evidence of value[.]" *Caldwell v. Caldwell*, No. M2007-01205-COA-R3-CV, 2008 WL 4613586, at \*2 (Tenn. Ct. App. Oct. 13, 2008)(citing *Wallace v. Wallace*, 733 S.W.2d 102, 106 (Tenn. Ct. App. 1987). It is within the sound discretion of the trial court to assign a reasonable value to property within the range of the evidence submitted by the parties. *Id.*

An equitable division of property must reflect the trial court's consideration of the factors enumerated in the Tennessee Code, including the value of the separate property held by each spouse. Tenn. Code Ann. § 36-4-121(c)(2010). Fault is expressly not to be regarded in the division of marital property. Tenn. Code Ann. § 36-4-121(a)(1)(2010). The division of marital assets is not a mechanical process, however, and the trial court has the power to do what is reasonable under the circumstances. *Larsen-Ball*, 301 S.W.3d at 231(citation omitted). The division of marital property must be equitable, but it need not be equal. *Id.* To aid our review on appeal, trial courts are encouraged to make findings of fact with respect to the statutory factors enumerated in Tennessee Code Annotated section 36–4–121(c). *Id.* at 235, n. 4.

Alimony *in solido* is a type of long-term spousal support. *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 108 (Tenn. 2011). The total amount of an award of alimony *in solido* is established on the date of the divorce decree. *Id.* It may be paid in a lump sum payment of cash or property, or in installment payments for a definite term. *Id.* "'A typical purpose of such an award would be to adjust the distribution of the parties' marital property.'" *Id.* (quoting *Burlew v. Burlew*, 40 S.W.3d 465, 471 (Tenn. 2001)). Alimony *in solido* "may be awarded in lieu of or in addition to any other alimony award, in order to provide support, including attorney fees, where appropriate." *Id.* (quoting Tenn. Code Ann. § 36–5–121(d)(5)). It is not modifiable and does not terminate upon the remarriage or death of either party. *Id.* When determining the amount of alimony to be awarded, if any, the trial court must consider the factors enumerated in Tennessee Code Annotated § 36-5-121(i). These factors include the separate assets of each party and the amount of marital property awarded to each party. Tenn. Code Ann. § 36-5-121(i)(7) & (8)(2010).

In the final judgment in this case, the trial court neither classified nor placed a value on the property awarded to the parties. Additionally, the trial court made no findings with respect to any separate property that may be owned by the parties, or with respect to assets dissipated by Mr. Peterson. Further, even if we assume that the property specifically awarded by the trial court constitutes all property owned by the parties, either jointly or separately, and that the value of the property is not disputed, we are unable to determine what property was awarded to Ms. Peterson as a result of the trial court's equitable division of property, and

what property was awarded as alimony *in solido*. In its judgment, the trial court's states, "Kathleen Peterson is entitled to an award of the following assets, as an equitable division of the parties' property, and as alimony *in solido*[,]" and lists seven items/classifications of property to be awarded. It further awards Ms. Peterson attorney's fees in the amount of $10,000 as alimony *in solido*. The trial court made no findings with respect to the statutory factors provided by section 36-4-121(c) or section 36-5-121(i).[3]

We are unable to determine the value of the property awarded, as distinct from the total amount of alimony *in solido* awarded by the trial court in this case. Therefore, we are unable to review whether the trial court equitably divided the parties' marital property, and whether the trial court divided the parties' property and awarded alimony *in solido* pursuant to the statutorily required considerations.

### *Holding*

In light of the foregoing, we remand this matter to the trial court for further findings. Upon remand, the trial court is instructed to classify the parties' property; determine the value of the parties' marital and separate property; determine the amount of marital assets dissipated by Mr. Peterson; divide the parties' marital property equitably in light of the statutory factors listed in Tennessee Code Annotated § 36-4-121(c); and award alimony, if any, separately from the division of property after consideration of the factors provided by Tennessee Code Annotated § 36-5-121(i). The trial court must then determine whether an award of alimony *in solido* to Ms. Peterson to pay for her reasonable attorney's fees is warranted. Costs of this appeal are taxed one-half to the Appellee, Kathleen Adelle Peterson, and one-half to the Appellant, Victor Raymond Peterson, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[3]Rule 52.01 of the Rules of Civil Procedure provide that in all actions tried upon the facts without a jury the court shall find the facts specifically and shall state separately its conclusions of law and direct the entry of the appropriate judgment.